**DICKENSON, PEATMAN & FOGARTY PC**
Joshua S. Devore
1500 First Street, Suite 200
Napa, California 94559
jdevore@dpf-law.com
(T) 707-261-7000

*Attorneys for Defendant Joshua Daniels*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMLER SCIENTIFIC, INC., a Delaware corporation, | Case No. _____ |
| Plaintiff, | (Removed from Santa Clara Superior Court, Case No. 25CV475138) |
| v. | **DEFENDANT JOSHUA DANIELS'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** |
| JOSHUA ROBERT DANIELS, | |
| Defendant. | Action Filed: September 15, 2025 |

///

///

///

///

///

///

///

///

///

///

///

///

///

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and based on diversity of citizenship, Defendant Joshua Robert Daniels ("Defendant") hereby removes this civil action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.[1] Defendant's grounds for removal are set forth below.

## NATURE OF THE ACTION

1.      On September 15, 2025, plaintiff Semler Scientific, Inc. ("Plaintiff") filed in the Superior Court of the State of California, County of Santa Clara, Downtown Superior Court (DTS) a civil action captioned *Semler Scientific, Inc. v. Joshua Robert Daniels*, Case No. 25CV475138 (the "California Action"), asserting a claim for declaratory relief against Defendant. Specifically, Plaintiff is seeking a declaration that Defendant is owed no more than $20,000 in attorneys' fees pursuant to the substantial benefit doctrine.

2.      On October 22, 2025, Defendant commenced an action, styled *Joshua Daniels v Semler Scientific, Inc.*, C.A. No. 2025-1204, in the Court of Chancery of the State of Delaware (the "Delaware Action"), asserting a single equitable claim for attorneys' fees and expenses.

## VENUE AND JURISDICTION

3.      Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Northern District of California is an appropriate venue for removal because Santa Clara County, the county in which the California Action was brought, lies within the district.

4.      This Court has jurisdiction over the California Action pursuant to 28 U.S.C. §§ 1332 & 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5.      Attached hereto as Exhibit A are the case inception documents filed in the California Action, namely (i) the Summons; (ii) the Civil Case Cover Sheet; (iii) the Civil Lawsuit Notice,

---

[1] In filing this Notice of Removal, Defendant waives no right, defense, or objection including, without limitation, the defenses of improper venue and/or forum non conveniens or failure to state a claim, nor does Defendant admit any of Plaintiff's allegations.

and (iv) the Complaint ("Complaint");. Attached hereto as Exhibit B is the Notice and Acknowledgement of Receipt – Civil, reflecting service of the case inception documents on September 23, 2025. These exhibits constitute the entirety of the case file for the California Action. A Case Management Conference is set therein for April 2, 2026.

6.      No prior notice of removal has been filed in the California Action.

7.      Defendant's removal is timely under 28 U.S.C. § 1446(b) because the Complaint was served on September 23, 2025, and this Notice of Removal is being filed "within 30 days after the receipt by the defendant[.]"

8.      Defendant will give prompt written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Santa Clara, as required by 28 U.S.C. § 1446(d).

**BASIS FOR REMOVAL**

9.      Defendant's removal is appropriate under 28 U.S.C. § 1446(c)(2) because Plaintiff seeks a declaration — *i.e.*, nonmonetary relief. Removal is appropriate because the subject of the declaration is attorneys' fees and Defendant is entitled to a quantum of fee greater than the minimum amount in controversy to give rise to diversity jurisdiction under 28 U.S.C. § 1332(a).

**COMPLETE DIVERSITY OF THE PARTIES**

10.     Plaintiff is a Delaware corporation with its principal place of business in Campbell, California. Complaint ¶4.

11.     Defendant is a resident of the United Kingdom. *Id*. ¶5.

12.     Accordingly, there is complete diversity between the parties.

**AMOUNT IN CONTROVERSY**

13.     For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

14.     "[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC*

*v. Owens*, 574 U.S. 81, 89 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," namely: a "short and plain statement[.]" *Dart*, 574 U.S. at 87.

15.     Under the applicable "preponderance of the evidence" standard, Defendant can demonstrate that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). Under this standard, the removing party need only present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

16.     Defendant's entitlement to attorneys' fees arises from the corporate benefit he conferred upon Plaintiff by causing Plaintiff's board of directors to bring Plaintiff's corporate bylaws into compliance with the Delaware General Corporation Law through elimination of a purported prohibition on action via stockholder consent. *See CCSB Fin. Corp. v. Totta*, 302 A.3d 387, 398 (Del. 2023) (confirming applicability of the "corporate benefit doctrine" under Delaware law).

17.     Under Ninth Circuit precedent, the law that governs the claims also governs the fee award. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Because Defendant is entitled to a fee under the corporate benefit doctrine as a matter of Delaware law, Delaware law also provides the applicable law for determining the quantum of the fee and expense award. *See Feuer v. Thompson*, 2013 WL 2950667, at *2 (N.D. Cal. June 14, 2013).

18.     Delaware courts frequently grant fees in excess of the minimum amount in controversy for purposes of diversity jurisdiction where a stockholder causes a corporation to bring its formative documents into compliance with the Delaware General Corporation Law. *See, e.g.*, *Sciabacucchi v. Salzberg*, C.A. No. 2017-0931-JTL, 2019 Del. Ch. LEXIS 250, at *18 (Del. Ch. July 8, 2019) (awarding $3 million in litigation challenging charter provisions requiring certain claims to be brought in federal court), *rev'd on other grounds* 227 A.3d 102; *see generally In re Exclusive Forum Provision Mootness Fee Petitions*, Consol. C.A. No. 7216-CS, at 29 (Del. Ch. May 29, 2012) (TRANSCRIPT) (opining there was "nothing at all shocking" about plaintiffs'

"initial position" of $400,000 per company against nine companies who mooted plaintiffs' actions by abandoning their bylaws, for a total of $3.6 million).

19.    Defendant caused Plaintiff to modify its bylaws to conform to the Delaware Code. *See* 8 *Del. C.* § 228(a) ("Section 228(a)") (providing that a prohibition on stockholder action via consent must be set forth in a corporation's charter, not its bylaws).

20.    Prior litigants have negotiated resolution of similar Section 228(a) claims for amounts in excess of the minimum amount in controversy for purposes of diversity jurisdiction. *See, e.g.*, *Kent v. Anderson*, C.A. No. 2022-0183-KSJM (Del. Ch. Aug. 12, 2022) (so-ordered dismissal stipulation reflecting $250,000 negotiated fee); *Kent v. Bowen*, C.A. No. 2022-0184-KSJM (Del. Ch. Jan. 24, 2023) (so-ordered dismissal stipulation reflecting $150,000 negotiated fee); *Gilbert v. Sternberg*, C.A. No. 2022-0185-KSJM (Del. Ch. Dec. 09, 2022) (so-ordered dismissal stipulation reflecting $150,000 negotiated fee); *Schilling v. Stephens*, C.A. No. 2024-0433-NAC (Del. Ch. July 15, 2024) (so-ordered dismissal stipulation reflecting $150,000 negotiated fee); *Thomas vs. Protalix BioTherapeutics, Inc*, C.A. No. 2025-0259-PAF (Del. Ch. July 23, 2025) (so-ordered dismissal stipulation reflecting $150,000 negotiated fee where stockholder challenged Section 228(a) violation and additional impermissible bylaw provision). If *negotiated* fees regularly exceed the amount in controversy, it stands to reason that a judicially determined fee award may result in an even higher fee award, as corporations rationally would not pay sums in excess of a figure discounted for risk of entry of a higher contested award.

///
///
///
///
///
///
///
///
///

1                                              <u>CONCLUSION</u>

2          21.    For the reasons set forth above, Defendant requests that the California Action be

3   removed to this Court. If any question arises as to the propriety of removal, Defendant requests the

4   opportunity to file briefing and present argument in support of removal.

5

6   Dated: October 23, 2025

7                                              Respectfully submitted,

8                                              **DICKENSON, PEATMAN & FOGARTY PC**

9                                              /s/ *Joshua S. Devore*
                                               _____
10                                             Joshua S. Devore
                                               1500 First Street, Suite 200
11                                             Napa, California 94559
                                               jdevore@dpf-law.com
12                                             (T) 707-261-7000

13                                             *Attorneys for Defendant Joshua Daniels*

14  William J. Fields
    Christopher J. Kupka
15  Samir Shukurov
    **FIELDS KUPKA & SHUKUROV LLP**
16  141 Tompkins Ave, Suite 404
    Pleasantville, NY 10570
17  (212) 231-1500
18  *Pro hac vice application forthcoming*

19
    D. Seamus Kaskela
20  Adrienne Bell
    **KASKELA LAW LLC**
21  18 Campus Blvd., Suite 100
    Newton Square, PA 19073
22  (484) 258-1585
23  *Pro hac vice application forthcoming*

24

25

26

27

28