# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  JOSHUA ROBERT DANIELS, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  SEMLER SCIENTIFIC, INC., a Delaware corporation

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
9/15/2025 12:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV475138
Reviewed By: M. Arechiga
Envelope: 20855556

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
  Santa Clara County Superior Court - Downtown Superior Court (DTS)
  191 North First Street, San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):*
25CV475138

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
  JONATHAN A. SHAPIRO (SBN 257199) JShapiro@goodwinlaw.com
  S. TONI WORMALD (SBN 329875) TWormald@goodwinlaw.com
  GOODWIN PROCTER LLP
  525 Market Street, 32nd Floor, San Francisco, CA 94105
  Tel.: +1 415 733 6000 | Fax: +1 415 677 9041

DATE: 9/15/2025 12:51 PM    Clerk of Court    Clerk, by  M. Arechiga  , Deputy
*(Fecha)*                                    *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JONATHAN A. SHAPIRO (SBN 257199) | S. TONI WORMALD (SBN 329875)<br>GOODWIN PROCTER, LLP<br>525 Market Street, 32nd Floor, San Francisco, CA 94105<br>TELEPHONE NO.: +1 415 733 6000   FAX NO.: +1 415 677 9041<br>EMAIL ADDRESS: JShapiro@goodwinlaw.com | TWormald@goodwinlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Semler Scientific, Inc. | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/15/2025 12:51 PM<br>Reviewed By: M. Arechiga<br>Case #25CV475138<br>Envelope: 20855556 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court (DTS)

CASE NAME: Semler Scientific, Inc. v. Joshua Robert Daniels

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 25CV475138 |
|---|---|---|
| ☐ Unlimited  ☒ Limited<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☒ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* one
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 15, 2025

JONATHAN A. SHAPIRO        ▶  /s/ Jonathan A. Shapiro
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

25CV475138
Santa Clara – Civil

ATTACHMENT CV-5012
M. Arechiga

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: ____25CV475138____

### PLEASE READ THIS ENTIRE FORM

**PLAINTIFF** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**DEFENDANT** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**RULES AND FORMS:**   You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms:  https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms:  https://www.scscourt.org/forms_filing.shtml  and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

**CASE MANAGEMENT CONFERENCE (CMC):**   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may have the option, or be required, to appear remotely – see Local Civil Rule 8.

| | |
|---|---|
| Your Case Management Judge is:  Hayashi, Roberta S | Department: 16 |

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
  Date: 04/02/2026   Time: 2:00pm   in Department: 16

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
  Date: _____   Time: _____   in Department: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):**   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.
**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

JONATHAN A. SHAPIRO (SBN 257199)
JShapiro@goodwinlaw.com
S. TONI WORMALD (SBN 329875)
TWormald@goodwinlaw.com
**GOODWIN PROCTER LLP**
525 Market Street, 32nd Floor
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Plaintiff
SEMLER SCIENTIFIC, INC.

E-FILED
9/15/2025 12:51 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
25CV475138
Reviewed By: M. Arechiga

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

## DOWNTOWN SUPERIOR COURT (DTS)

| | |
|---|---|
| SEMLER SCIENTIFIC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ROBERT DANIELS, an individual,<br><br>Defendant. | Case No. 25CV475138<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>[Limited Jurisdiction]<br><br>Complaint Filed: September 15, 2025 |

# INTRODUCTION

1. Plaintiff Semler Scientific, Inc. ("Semler" or the "Company"), by and through its attorneys, brings this declaratory judgment action reluctantly, having repeatedly tried and failed to resolve its dispute with Joshua Robert Daniels ("Defendant"), who claims to have invested in Semler. For several months, Mr. Daniels has been pressing Plaintiff to pay an excessive "mootness fee" to his lawyer for having sent precisely two letters (a total of 4 pages) asking for simple changes to Plaintiff's governing documents—non-controversial changes that Semler made voluntarily and indeed would have undertaken in response to a telephone call.

2. Although the demand for such a "fee" feels extortionate, Plaintiff attempted to resolve the dispute simply to avoid wasting Company resources on a lawyer-created issue. Mr. Daniels, however, has continued to press for a fee *in excess of $20,000*—an unwarranted and excessive payment that would compensate Mr. Daniels' counsel at a rate that appears to exceed *$2,850 per hour*.[1] Mr. Daniels has offered no justification for such a windfall, instead insisting that the going rate for his lawyer's letters exceeds $20,000 and/or that other companies have capitulated by agreeing to pay more to Defendant's counsel in other cases. Mr. Daniels has been clear throughout that, absent an acceptably high payment, he will file a lawsuit against Plaintiff.

3. Under these circumstances, there plainly is an unresolved dispute in need of Court resolution. Plaintiff is willing to pay an *appropriate and reasonable* "fee" to Mr. Daniels' counsel if the Court determines that Mr. Daniels has met his burden to prove that such a payment is due for the two (unnecessary) letters that his counsel sent *before* asking to be paid for those (unnecessary) services. But in all fairness, to the extent the Court orders payment of any fee, it should be well less than the offensive amount (more than $20,000) that Mr. Daniels has insisted for reasons that he has never substantiated.

---

[1] Plaintiff does not know—because Mr. Daniels has not revealed—how much time his counsel actually spent on these short letters. Assuming (unreasonably) it took a 7-hour workday for counsel to do that work, a $20,000 "fee" would amount to a staggering rate of $2,857 per hour.

## PARTIES

4. Plaintiff Semler Scientific, Inc. is a Delaware corporation with its principal place of business in Campbell, California. Semler's common shares trade on NASDAQ under the ticker symbol "SMLR."

5. Upon information and belief, Defendant Joshua Robert Daniels is an individual who is a resident of the United Kingdom. He claims to have purchased SMLR shares in the past, and claims to own approximately 100 shares as of last month.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to California Code of Civil Procedure section 410.10 because Mr. Daniels has purposefully and voluntarily directed his activities at the forum state; he availed himself of the privileges of conducting activities in California; and the claim arises out of or relates to Defendant's contacts with the forum state. The Court also has jurisdiction over this matter because the exercise of jurisdiction would be just and reasonable.

7. Venue is proper in this Court pursuant to California Code of Civil Procedure section 395 because the majority of all facts giving rise to the cause of action stated herein arose in Santa Clara County, California.

## STATEMENT OF FACTS

8. On May 28 and June 10, 2025, respectively, Defendant's counsel (Samir Shukurov, Esq. of Fields Kupka & Shukurov LLP) sent a letter to Semler at its headquarters in Campbell, California. Each letter was two pages long, and asked for changes to the Company's bylaws. Those letters were perfunctory and, on information and belief, appear to have recycled a generic template that counsel may have sent to other companies that were, in turn, also targeted for demands for "mootness fees" under the threat of litigation.

9. On June 4 and June 22, 2025, Semler amended the governing documents as requested by Defendant. Semler did so voluntarily, without regard to any legal arguments as to whether those changes were necessary.

10. There was no need for Mr. Daniels to have sent any letter, much less to have hired a lawyer who now claims to be entitled to more than $20,000 for the unnecessary correspondence. Semler addresses investor inquiries in the regular course of its business. It facilitates investor feedback and requests through multiple channels, including by telephone, email, and social media. Mr. Daniels *easily* could have requested and received his revisions simply by asking the Company. He certainly should not have assumed that it was necessary to hire a New York law firm to send letters, with threats, about a simple issue that should have been a five-minute telephone call.

11. Following Plaintiff's voluntary amendment to its bylaws, Mr. Daniels' counsel reached out repeatedly to Semler, again in California, to negotiate a "fee" for representing the client who hired him (Mr. Daniels). Defendant's counsel also claims to have benefited other investors who he has never identified.[2]

12. Mr. Daniels has never justified his claimed fee. To date, the explanations have been superficial, for example, that paying a fee above $20,000 is a common practice and/or that different companies have paid Mr. Daniels' counsel high or higher fees in the past. Throughout, Mr. Daniels has made clear that if Plaintiff does not make an acceptably large payment, Mr. Daniels will publicly sue Semler. As noted, a fee of $20,000 would compensate his counsel more than *$2,850 per hour*. Yet despite the enormity of that expectation, Mr. Daniels has never disclosed whether he has actually paid anything at all to his counsel for the two letters, nor disclosed the hourly rate that any client has actually paid for that lawyer's services. Simply put, it is unclear why Mr. Daniels has concluded that his counsel conferred a "benefit" worthy of a fee in any particular amount, much less why under these circumstances the Company should pay more than $20,000—which, after all, is investor money—to Mr. Daniels' lawyer.

13. Plaintiff is offended that anyone would hire an unnecessary lawyer to send unnecessary letters to make a simple request that could have been an email or voicemail. Mr. Daniels is, of course, entitled to hire professionals to assist him, and he may choose to pay or overpay his professionals at his own expense. But Mr. Daniels should not incur expenses for his

---

[2] Plaintiff is not aware of any other Semler investors who have ever raised, or indeed for a moment ever cared about, the matters that Defendant claims entitle his counsel to a fee.

self-selected personal attorney, with the expectation that Plaintiff or anyone else will cover his tab. That Mr. Daniels has asserted that he and his counsel are due more than $20,000—and threatened to sue if Plaintiff does not pay up—in some sense says it all.

## FIRST CAUSE OF ACTION

(Declaratory Relief)

14. Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if set forth fully herein.

15. An actual controversy has arisen and exists now between Semler and Mr. Daniels concerning his claimed and disputed entitlement to a large fee for services allegedly rendered by Mr. Daniels' counsel.

16. Plaintiff contends that, to the extent that it is obligated to pay any fee at all to Defendant, that fee must be a reasonable amount under the circumstances, taking into account, for example, the work that was actually undertaken and necessary (as opposed to unnecessary activity), any benefit of such work, the reasonable hours necessary to achieve such benefit, and the reasonable rates paid to similarly qualified lawyers.

17. Plaintiff contends that Mr. Daniels' counsel did not expend any significant time and expense sending the two short letters (4 pages total), and even that minimal effort was unnecessary because an email or telephone call would have sufficed. To the extent any fee is due to Defendant, Plaintiff contends that it should be a nominal amount. By contrast, Mr. Daniels—who bears the burden of proving his entitlement to any fee of any particular amount—contends that his counsel is entitled to a substantial fee, apparently in excess of $20,000.

18. Judicial determination is necessary and appropriate at this time in order for Plaintiff and Defendant to ascertain their respective rights and duties to each other, to resolve this open dispute, and so that they may conduct themselves accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A. For an order declaring and adjudging the extent to which Plaintiff is obligated to pay Defendant the requested "fee" for his counsel's work in any particular amount;

B. For an order entering judgment in favor of Plaintiff and against Defendant;

C. For an award of costs and expenses of suit herein; and

D. For any and all such further or other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 15, 2025

By: /s/ *Jonathan A. Shapiro*
JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
S. TONI WORMALD (SBN 329875)
*TWormald@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Plaintiff
SEMLER SCIENTIFIC, INC.