UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMLER SCIENTIFIC, INC., <br> Plaintiff, <br><br> v. <br><br> JOSHUA ROBERT DANIELS, <br> Defendant. | Case No. 25-cv-09128-NC <br><br> **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Re: ECF 1 |

Defendant Joshua Robert Daniels removed this case brought by Plaintiff Semler Scientific, Inc. to this Court from Santa Clara County Superior Court. ECF 1. This Order requires Defendant to "show cause" by filing a written response by November 10, 2025, explaining why this case should not be remanded back to state court for lack of subject matter jurisdiction, and allows Plaintiff to respond by November 17, 2025.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Defendant argues that the Court has diversity jurisdiction in this case but fails to sufficiently establish complete diversity of citizenship and an amount in controversy greater than $75,000. *See* ECF 1.

First, Defendant did not sufficiently establish complete diversity. Defendant claims that there is diversity of citizenship because Plaintiff is a "Delaware corporation with its principal place of business" in California and Defendant is a "resident of the United Kingdom." ECF 1 ¶¶ 10–12. However, the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not residency. "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Thus, because Defendant failed to allege where he is domiciled, this Court cannot assess whether complete diversity exists.

Second, Defendant did not sufficiently establish that the amount in controversy in this case exceeds $75,000. Because Plaintiff seeks nonmonetary, declaratory relief, Defendant is correct to focus on the value of the requested fee Plaintiff is obligated to pay Defendant to determine the amount in controversy. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (stating that the amount in controversy in seeking declaratory relief "is measured by the value of the object of the litigation"); ECF 1, Ex. A (Compl.) at 5 (seeking "an order declaring and adjudging the extent to which Plaintiff is obligated to pay Defendant the requested 'fee' for his counsel's work in any particular amount"). Defendant is also correct that the notice of removal "may assert the amount in controversy," and as the removing party, he bears the burden of proving the amount in controversy by a preponderance of evidence. *See* ECF 1 ¶¶ 14–15; 28 U.S.C. § 1446(c)(2); *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1108–67 (9th Cir. 2010).

However, the Court finds that Defendant did not meet his burden. The face of Plaintiff's Complaint does not give rise to the inference that the value of the requested fee exceeds $75,000. *See, e.g.,* Compl. ¶ 17 (only alleging that the fee is "apparently in excess of $20,000"). Further, Defendant did not offer any facts or evidence about this case

2

supporting that he caused Plaintiff to modify its bylaws to be in compliance with Delaware laws such that this case should be treated similarly to his cited cases. *See generally* ECF 1. Thus, Defendant's argument is speculative, and Defendant did not meet his burden to establish that the amount in controversy exceeds $75,000.

In conclusion, Defendant has not established that federal subject matter jurisdiction is satisfied because he did not provide sufficient facts to allege its state citizenship or an amount in controversy exceeding $75,000. Accordingly, Defendant must show cause in writing by November 10, 2025, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may respond by November 17, 2025.

**IT IS SO ORDERED.**

Dated:  October 27, 2025                              _____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

3