UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEMLER SCIENTIFIC, INC.,

Plaintiff,

v.

JOSHUA ROBERT DANIELS,

Defendant.

Case No. 5:25-cv-09128-EKL

**ORDER REMANDING CASE**

Re: Dkt. Nos. 4, 14, 17, 20

Plaintiff Semler Scientific, Inc. brings this declaratory judgment action seeking to limit the amount of the "mootness fee" owed to Defendant's counsel under Delaware law.  In 2025, Defendant Joshua Robert Daniels, through counsel, sent two letters, each approximately two pages, informing Semler Scientific that its corporate bylaws violated a provision of Delaware state law, 8 Del. C. § 101 *et seq.*, and demanding that Semler Scientific change its bylaws.  Compl. ¶ 8, ECF No. 1-1.  Following receipt of counsel's letters, Semler Scientific amended its bylaws.  *Id.* ¶ 9.  As a result, Daniels' counsel demanded a "mootness fee" in excess of $20,000 based on Delaware's corporate benefit doctrine.  *Id.* ¶¶ 1-2.  After failed attempts to negotiate the amount of fees owed, Semler Scientific brought an action in Santa Clara County Superior Court seeking "an order declaring and adjudging the extent to which [Semler Scientific] is obligated to pay [Daniels] the requested 'fee' for his counsel's work in any particular amount."  *Id.* at 5.

On October 23, 2025, Daniels removed the action to federal court based on diversity jurisdiction.  ECF No. 1.  The case was assigned to Magistrate Judge Nathanael Cousins, who issued an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction.  ECF Nos. 2, 4.  Daniels filed a response to the order to show cause;

United States District Court
Northern District of California

Semler Scienfitic filed a reply to Daniels' response.[1]  ECF Nos. 14, 17.  Before briefing closed on the order to show cause, the case was reassigned to this Court.  ECF No. 10.

Diversity jurisdiction requires complete diversity of citizenship and that the amount in controversy "exceeds the sum or value of $75,000."  28 U.S.C. § 1332; *see also Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citation omitted).  In the order to show cause, Judge Cousins explained that Daniels did not sufficiently establish complete diversity nor that the amount in controversy exceeds $75,000.  ECF No. 4 at 2-3.  Having reviewed the parties' briefing, the Court finds that Daniels has established complete diversity of citizenship, but not the required amount in controversy.

***Diversity of Citizenship***:  Daniels has demonstrated complete diversity of citizenship.  In the order to show cause, Judge Cousins noted that there was insufficient information to assess whether complete diversity of citizenship exists because Daniels failed to allege his place of domicile.  ECF No. 4 at 2 (explaining that diversity of citizenship is determined by domicile, not residency (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  Daniels now clarifies that he is a "citizen of the United Kingdom."  ECF No. 14 ¶ 4; *see also* Kupka Decl. ¶ 2, ECF No. 14-1.  Thus, because Semler Scientific is a citizen of Delaware and California, and Daniels is a citizen of the United Kingdom, Daniels has sufficiently established that complete diversity of citizenship exists between the parties.[2]

***Amount in Controversy***:  Daniels has not sufficiently established that the amount in controversy exceeds $75,000.  Because Semler Scientific seeks only declaratory relief, the amount in controversy is determined by the value of the fee Semler Scientific is obligated to pay him.  ECF No. 4 at 2 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  It is Daniels' burden to prove the amount in controversy by a preponderance of the evidence.  *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  Under the

---

[1] Daniels filed a motion for leave to file a sur-reply to respond to new evidence submitted in Semler Scientific's response.  ECF No. 20.  This motion is GRANTED.

[2] Semler Scientific does not contest diversity of citizenship between the parties.  ECF No. 17 at 1 n.1.

2

Delaware corporate benefit doctrine, a party may recover "fees and expenses from a corporation where that party conferred a substantial benefit upon the corporate enterprise or its stockholders." *Garfield v. Boxed, Inc.*, C.A. No. 2022-0132-MTZ, 2022 WL 17959766, at \*4 (Del. Ch. Dec. 27, 2022). In determining a fee award, courts consider several factors, including: (1) the benefit achieved; (2) the time and effort of counsel; (3) the standing and ability of counsel; (4) the relative complexities of the litigation; (5) the stage at which litigation ended; (6) any contingency factor; and (7) whether the plaintiff can be credited for the benefit. *Id.* at \*12 (citing *Sugarland Indus., Inc. v. Thomas*, 420 A.2d 142 (Del. 1980)). The two most important factors are "the size of the benefit achieved" and whether plaintiff can be credited for the benefit. *Id.*

Here, the alleged benefit conferred arises from Semler Scientific amending its bylaws in response to Daniels' letters. In particular, Semler Scientific removed purported limitations on stockholders' ability to act via consent. ECF No. 14 ¶ 12. Notably, these changes were made promptly in response to Daniels' letters and did not impact any of Semler Scientific's transactions. Daniels did not file a stockholder complaint or initiate any litigation against Semler Scientific prior to demanding the mootness fee.

In the order to show cause, Judge Cousins explained that the stated amount in controversy in the notice of removal is too speculative because Daniels failed to offer any facts or evidence that would suggest that this case should be "treated similarly to his cited cases." ECF No. 4 at 2-3. Daniels' response to the order to show cause does not cure this deficiency because he again fails to explain how the cited cases are similar to the facts of his case. Daniels instead cites to a handful of additional cases in which the mootness fee exceeded $75,000, and argues that these "represent the default under Delaware law." ECF No. 14 ¶ 17.

The newly cited cases are not analogous to the facts alleged here. In each case cited by Daniels, a significant benefit was conferred on the corporation, such as reducing exposure during a merger or other transaction. *See Garfield*, 2022 WL 17959766, at \*11-13 (awarding $850,000 in attorneys' fees where plaintiff prompted an amendment to defendant's bylaws that, if not cured, may have impacted a pending merger); Hr'g Tr. at 88, 98-102, *In re Am. Italian Pasta Co. S'holder Litig.*, C.A. No. 5610-VCN (Del. Ch. Oct. 13, 2010) (similar); Hr'g Tr. at 34-37, *In re*

*Colfax Corp. S'holder Derivative Litig.*, C.A. No. 10447-VCL (Del. Ch. Apr. 2, 2015) (awarding $375,000 in fees where plaintiffs filed a complaint that ultimately brought defendant's transaction into legal compliance); Hr'g Tr. at 33-34, 39, *Browne v. Layfield*, C.A. No. 2024-0079-JTL, at 34-37 (Del. Ch. Sep. 5, 2024) (awarding $735,000 in fees where the plaintiff filed a lawsuit that prevented the corporation from enacting an amendment that may have impaired stockholders' decision-making abilities).[3]  In addition, each of these cases involve a stockholder complaint filed against the corporation.  Here, by contrast, Daniels has not identified an equivalent benefit conferred upon Semler Scientific, nor has he made a showing of effort expended by counsel.[4]  Rather, Semler Scientific changed its bylaws after receiving two seemingly *pro forma* letters without further effort or litigation.  Thus, Daniels has not established by a preponderance of the evidence that the benefit conferred exceeds $75,000.

Therefore, the Court lacks subject matter jurisdiction.  This case is REMANDED to the Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Eumi K. Lee
United States District Judge

---

[3] Daniels also cites to two negotiated fee resolutions that exceed $75,000.  ECF No. 14 ¶ 18. Negotiated fee agreements are "generally . . . not subjected to the same level of judicial scrutiny as a disputed fee request, and hence, should be accorded less precedential weight." *Feuer v. Thompson*, No. 10-cv-00279-YGR, 2013 WL 2950667 at *4 (N.D. Cal. June 14, 2013).  In addition, both cases involved stockholder litigation and a subsequent negotiated fee.

[4] The Court notes that the time and effort expended by counsel may serve as a cross-check on the reasonableness of a fee award.  *Sciabacucchi v. Salzberg*, C.A. No. 2017-0931-JTL, 2019 WL 2913272, at *6 (Del. Ch. July 8, 2019).  Here, although given an opportunity to present additional evidence, Daniels does not provide any information about the time or effort spent in preparing the letters sent to Semler Scientific.